1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS OLUSEYI OGUNSALU,<br><br>                              Plaintiff,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL<br>DISTRICT BOARD OF EDUCATION, et<br>al.,<br><br>                              Defendants. | Case No.:  3:15-cv-02203-H-BGS<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS<br>PLAINTIFF'S FEDERAL CLAIMS<br>PURSUANT TO FRCP 12(b)(6) AND<br>PLAINTIFF'S SUPPLEMENTAL<br>STATE CLAIMS PURSUANT TO 28<br>U.S.C. § 1367(c)**<br><br>[Doc. No. 51] |

On October 20, 2015, Plaintiff Cornelius Ogunsalu ("Plaintiff") filed a first amended complaint alleging fourteen causes of action against the San Diego Unified School District ("SDUSD," named in the complaint as "San Diego Unified School District Board of Education" and "San Diego Unified School District Police Department") and fifteen persons affiliated with SDUSD. (Doc. No. 6.) Plaintiff also filed an application seeking leave to proceed in forma pauperis ("IFP") and a motion to file a new case as a vexatious litigant. (Doc. Nos. 2, 4.) On October 23, 2015, the Court denied without prejudice Plaintiff's motion to proceed IFP, dismissed the case without prejudice, and denied as moot Plaintiff's motion to file a new case as a vexatious litigant. (Doc. No. 7.) The Court subsequently granted Plaintiff's renewed motion to proceed IFP. (Doc. No. 10.) On

January 29, 2016, the Court dismissed some of Plaintiff's claims with prejudice and some of his claims with leave to amend.  (Doc. No. 44.)

On February 17, 2016, Plaintiff filed a second amended complaint alleging seventeen causes of action against SDUSD and sixteen persons affiliated with SDUSD (collectively, "Defendants").[1]  (Doc. No. 45.)  On March 7, 2016, Defendants filed a motion to dismiss.  (Doc. No. 51.)  On March 30, 2016, Plaintiff filed an opposition to Defendants' motion.  (Doc. No. 53.)  On April 8, 2016, Defendants filed a reply to Plaintiff's opposition.  (Doc. No. 54.)  On April 8, 2016, pursuant to its discretion under Local Rule 7.1(d)(1), the Court vacated the hearing on the motion to dismiss and submitted the motion on the parties' papers.  (Doc. No. 55.)  For the reasons that follow, the Court grants Defendants' motion to dismiss Plaintiff's federal claims with prejudice.  The Court dismisses Plaintiff's state law claims without prejudice pursuant to 28 U.S.C. § 1367(c).

## Background

Plaintiff's claims stem from SDUSD's decision not to renew his contract as a probationary teacher after the 2013-14 school year.  (Doc. No. 45 ¶ 36.)  After SDUSD made that decision, Plaintiff communicated with SDUSD employees.  (Doc. No. 45 ¶¶ 39, 42, 45.)  Plaintiff was subsequently convicted on several counts of misdemeanor harassment (Cal. Pen. Code § 653m(b)) and one count of contempt of court for violating a court-issued stay away order (Cal. Pen. Code § 166(a)(4)).  (Doc. No. 6 ¶¶ 31-32; Doc. No. 24-1 at 12; Doc No. 32 at 13 n.2.; Doc. No. 45 ¶¶ 50, 171.)

Plaintiff makes several civil rights claims (Claims 1, 2, and 3).  Invoking 42 U.S.C. § 1983, Plaintiff also claims that Defendants violated his rights under the constitution and laws of the United States (Claims 4 to 7 and 12).  Plaintiff further alleges that Defendants committed torts under California law, violated a nondiscrimination provision of the California Constitution, and violated California's Fair Employment and Housing Act

---

[1]  Plaintiff also named as a defendant Taylor Hearnsberger, the Deputy City Attorney who prosecuted Plaintiff in a state court criminal case.  (Doc. No. 45 ¶ 11.)  Plaintiff has not returned an executed summons for Defendant Hearnsberger.

(Claims 8 to 11, 13, 16, and 17).  Finally, Plaintiff seeks a declaration that California Education Code § 44929.21 is unconstitutional and an injunction against the California Commission on Teacher Credentialing (which is not a party to this case) regarding his teaching credential (Claims 14 and 15).

Defendants make a variety of arguments in support of their motion to dismiss.  The following chart summarizes Plaintiff's claims, against whom he asserts each claim, and the grounds on which Defendants move to dismiss each claim.

| | Claim | Defendants | Defendants' Arguments in Favor of Dismissal |
|---|---|---|---|
| 1 | Title VII Retaliation | SDUSD; Dodson; Samaniego; Hubbard-Jackson; Jackson; Foster; Evans; Beiser; Barrera; Barnett | • Statute of limitations<br>• No individual Title VII liability |
| 2 | Title VII National Origin Discrimination | SDUSD; Dodson; Samaniego; Hubbard-Jackson; Jackson | • Statute of limitations<br>• No individual Title VII liability |
| 3 | Title VII Harassment | SDUSD; Dodson; Samaniego; Hubbard-Jackson; Jackson | • Statute of limitations<br>• No individual Title VII liability |
| 4 | § 1983 – First Amendment | Marten; Dodson; Gonzales; Donovan; Nguyen; Jackson; Foster; Evans; Beiser; Barrera; Barnett; Boyd | • No right to reelection<br>• Not constitutionally protected speech, but criminal harassment |
| 5 | § 1983 – Fourth Amendment | Boyd; Felix; Donovan; Hearnsberger | • Rooker-Feldman and Heck<br>• Litigation immunities |
| 6 | § 1983 – Fourteenth Amendment | Marten; Dodson; Jackson; Hubbard-Jackson; Samaniego; Noyes; Gonzales; Nguyen; Foster; Barrera; Evans; Barnett; Beiser; Donovan | • No right to reelection<br>• Rooker-Feldman and Heck<br>• Litigation immunities<br>• Court intervention in credentialing proceeding barred by Younger doctrine |
| 7 | § 1983 – First Amendment | Felix; Boyd; Dodson; Gonzales; Nguyen; Foster; Evans; Barrera; Barnett; Beiser; Donovan; Hearnsberger | • Rooker-Feldman and Heck<br>• Litigation immunities<br>• No right to reelection |
| 8 | Breach of Contract and Breach of Implied Contract | Noyes; Jackson; Dodson; Gonzales; Nguyen; Foster; Evans; Barrera; Barnett; Beiser | • No individual liability for alleged contract with District<br>• Employment by statute, not contract<br>• Eleventh Amendment Immunity<br>• Failure to state a claim based on non-reelection: no right to reelection; discretionary immunity |

| 9 | § 1983 – Fraud and Conspiracy to Defraud | Noyes; Jackson; Gonzales; Dodson; Nguyen; Marten; Donovan; Foster; Barnett; Evans; Beiser; Barrera | • Failure to state a claim based on non-reelection: no right to reelection; discretionary immunity<br>• Eleventh Amendment Immunity<br>• No individual liability for alleged contract with District |
|---|---|---|---|
| 10 | Negligence | Jackson; Nguyen; Foster; Beiser; Evans; Barrera; Barnett; Marten | • Failure to state a claim based on non-reelection: no right to reelection; discretionary immunity |
| 11 | Negligent Retention | Jackson; Nguyen; Foster; Beiser; Evans; Barrera; Barnett; Marten | • No individual liability for negligent retention |
| 12 | Retaliatory Arrest and Prosecution | Donovan; Marten; Foster; Beiser; Evans; Barrera; Barnett; Felix; Boyd; Hearnsberger | • Rooker-Feldman and Heck<br>• Litigation immunities |
| 13 | Intentional Infliction of Emotional Distress | All Defendants except SDUSD | • No individual liability for alleged contract with District<br>• Eleventh Amendment Immunity<br>• Failure to state a claim based on non-reelection: no right to reelection; discretionary immunity<br>• Rooker-Feldman and Heck<br>• Litigation immunities |
| 14 | Unconstitutionality of California Education Code § 44929.21 | Not specified | • Eleventh Amendment Immunity<br>• CCTC not a party to the lawsuit<br>• Younger doctrine – abstention from intervening in credentialing proceeding |
| 15 | Request for injunctions preventing preliminary credential from expiring and requiring CCTC to issue clear credential | Not specified | • CCTC not a party to the lawsuit<br>• Younger doctrine – abstention from intervening in credentialing proceeding |
| 16 | Violations of California Constitution Article 1 § 8 | All Defendants except SDUSD | • Failure to state a claim based on non-reelection: no right to reelection; discretionary immunity<br>• Rooker-Feldman and Heck<br>• Litigation immunities |
| 17 | Violations of California Fair Employment and Housing Act | All Defendants except SDUSD and Hearnsberger | • No individual FEHA liability<br>• Discretionary immunity |

3:15-cv-02203-H-BGS

# Discussion

## I.   Legal Standards

A complaint must satisfy the pleading requirements of Federal Rule of Civil Procedure 8 to evade dismissal under a Rule 12(b)(6) motion.  Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 640-41 (9th Cir. 2014).  Rule 8(a) requires " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957).  Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct."

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Hartmann v. Cal. Dept. of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  "Although a district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment."  Somers v. Apple, Inc., 729 F.3d 953, 960 (9th Cir. 2013) (citations and quotation marks omitted).

///

///

///

II.     Analysis

    A.     Title VII Claims

Plaintiff alleges that SDUSD and nine individual defendants violated Title VII of the Civil Rights Act by discriminating against him, retaliating against him, and harassing him because of his national origin.  (Doc. No. 45 ¶¶ 58-74.)  See 42 U.S.C. §§ 2000e-2000e-17.  Defendants argue that Plaintiff's Title VII claims are time barred.  (Doc. No. 51-1 at 21-22.)

" 'Title VII claimants generally establish federal court jurisdiction by first exhausting their EEOC administrative remedies.' "  Arizona ex rel. Horne v. Geo Grp., Inc., No. 13-16081, 2016 WL 945634, at *14 n.8 (9th Cir. Mar. 14, 2016) (quoting Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir.1990); see also Shelley v. Geren, 666 F.3d 599, 606 (9th Cir. 2012) (quoting Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1476 (9th Cir.1989)) (" 'Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge.' ").  An employee who wishes to challenge an employment practice pursuant to Title VII must file a charge with the Equal Employment Opportunity Commission ("EEOC") "within one hundred and eighty days after the alleged unlawful employment practice occurred."  42 U.S.C. § 2000e-5(e)(1).  "If a charge filed with the Commission . . . is dismissed by the Commission, . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved . . . ."  42 U.S.C. § 2000e-5(f)(1).  "If a litigant does not file suit within ninety days '[of] the date EEOC dismisses a claim,' then the action is time-barred."  Payan v. Aramark Mgmt. Servs. Ltd. P'ship, 495 F.3d 1119, 1121 (9th Cir. 2007) (quoting Scholar v. Pac. Bell, 963 F.2d 264, 266-67 (9th Cir.1992)).

Plaintiff alleges that he learned of SDUSD's decision not to renew his contract as a probationary teacher on March 12, 2014.  (Doc. No. 45 ¶ 38.)  On May 2, 2014, Plaintiff filed a complaint with the EEOC alleging Title VII violations due to his national origin and

other characteristics.  (Doc. No. 51-2 at 5.)  On April 7, 2015, the EEOC dismissed Plaintiff's complaint and notified Plaintiff that he must file any lawsuit based on the same charge within ninety days.  (Doc. No. 51-2 at 8.)  Plaintiff filed this case 183 days later on October 7, 2015.  (Doc. No. 1.)  Plaintiff's complaint exceeded the statute of limitations by ninety-three days.  See 42 U.S.C. § 2000e-5(f)(1).[2]  Accordingly, the Court determines that Plaintiff's Title VII claims are time barred.  Payan, 495 F.3d at 1121.  The Court dismisses Plaintiff's Title VII claims with prejudice because it is "clear" that they "could not be saved by amendment."  Somers, 729 F.3d at 960.

B.      Fourth Amendment and Retaliatory Prosecution Claims

Invoking 42 U.S.C. § 1983, Plaintiff alleges violations of Fourth Amendment to the United States Constitution relating to his arrest and prosecution (Claim 5).  Under the Heck doctrine,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Lyall v. City of Los Angeles, 807 F.3d 1178, 1190 (9th Cir. 2015).

According to the complaint, Plaintiff was arrested pursuant to an arrest warrant, and

_____

[2]  Plaintiff's second EEOC complaint, which he filed 120 days after the EEOC informed him that he must bring any lawsuit within ninety days, did not revive his right to sue.  "A potential plaintiff may not evade the 90 day time limitation by filing successive E.E.O.C. charges.  The time limitations otherwise would be meaningless because potential plaintiffs could evade those requirements simply by seeking additional right to sue letters whenever they please."  Leal v. Alcoa, No. CV 04-2671-PHX-MHM, 2007 WL 1412501, at *3 (D. Ariz. May 11, 2007) (citations and quotation marks omitted); see also Cleveland v. Douglas Aircraft Co., 509 F.2d 1027, 1030 (9th Cir. 1975) (overruled on other grounds); Yax v. Caesars Operating Co., No. 2:14-CV-1503-KJD-GWF, 2014 WL 7240159, at *3 (D. Nev. Dec. 18, 2014).

he was convicted of his crimes.  (Doc. No. 45 ¶¶ 53, 171.)  Plaintiff states that he is appealing his convictions, but the convictions have not been reversed.  (Doc. No. 45 ¶ 96.)  Plaintiff's Fourth Amendment claim is based on his arrest and conviction and their consequences.  (Doc. No. 45 ¶¶ 54, 82-88.)  The Court concludes that this claim is barred by the <u>Heck</u> doctrine.  <u>Heck</u>, 512 U.S. at 486-87.  The Court also concludes that, independent of the <u>Heck</u> doctrine, Plaintiff has not alleged adequate facts to state a claim for violation of his Fourth Amendment rights, nor does the Court believe that he could do so.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 570); <u>Somers</u>, 729 F.3d at 960.  Accordingly, the Court dismisses Claim 6 with prejudice.

Plaintiff's Claim 12 is for retaliatory arrest and prosecution.  (Doc. No. 45 ¶¶ 148-154.)  In order to succeed in a retaliatory prosecution claim, "an absence of probable cause . . . must be pleaded and proven."  <u>Hartman v. Moore</u>, 547 U.S. 250, 265-66 (2006).  In this case, not only was there probable cause to arrest and prosecute Plaintiff, but he was also convicted of his crimes.  (Doc. No. 45 ¶ 171.)  Plaintiff's conviction has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  <u>Heck</u>, 512 U.S. at 486-87 (1994).  Plaintiff has not alleged adequate facts to state a claim for retaliatory prosecution, nor can he.  <u>See</u> <u>Somers</u>, 729 F.3d at 960.  The Court therefore dismisses Claim 12 with prejudice.

C.      First Amendment Claims

Plaintiff alleges that Defendants retaliated against him based on his speech in violation of the First Amendment.   Specifically, in Claim 7, Plaintiff alleges that Defendants retaliated against him by arresting him and prosecuting him for crimes.  (Doc. No. 45 ¶ 103.)  To the extent that Claim 7 is based on Plaintiff's arrest and conviction or their consequences, the Court concludes that claim is barred by the <u>Heck</u> doctrine and dismisses it with prejudice.  <u>Heck</u>, 512 U.S. at 486-87.

In both Claim 4 and Claim 7, Plaintiff alleges that Defendants retaliated against him by declining to renew his teaching contract.  (Doc. No. 45 ¶¶ 78, 103.)

> A First Amendment retaliation claim against a government employer involves a sequential five-step series of questions: (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech.

Desrochers v. City of San Bernardino, 572 F.3d 703, 708-09 (9th Cir. 2009). If a court concludes that an employee's speech was not on a matter of public concern, the court may end its analysis and need not consider the other questions. Id. at 709. " 'Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement . . . ." Turner v. City & Cty. of San Francisco, 788 F.3d 1206, 1210 (9th Cir. 2015) (quoting Connick v. Myers, 461 U.S. 138, 147-48 (1983)). " '[I]ndividual personnel disputes and grievances' are 'generally not of public concern.' " Turner, 788 F.3d at 1211-12 (affirming dismissal of First Amendment retaliation claim where employee's speech "arose primarily out of concerns for his own professional advancement" because such issues are not matters of public concern). Additionally, "speech [is] not protected under the First Amendment [when it is] 'integral to criminal conduct' in intentionally harassing" a victim. United States v. Osinger, 753 F.3d 939, 947 (9th Cir. 2014) (quoting United States v. Meredith, 685 F.3d 814, 819-20 (9th Cir. 2012).

Plaintiff alleges that he engaged in protected speech, including seeking a specific type of employment contract, sending emails to his supervisors and colleagues regarding renewing his contract as a probationary teacher and selecting his replacement, requesting that Plaintiff's principal attend Plaintiff's hearing before the California Commission on Teacher Credentialing, and sending a text message to the principal in which Plaintiff threatened to "destroy" the principal's career. (Doc. No. 45 ¶¶ 17, 24, 39, 42, 44, 75-81, 99-106.) The "content, form, and context" of Plaintiff's speech do not relate to an issue of importance to the public, but rather to his personal dispute with his supervisors about his own employment contract and whether it should be renewed. See Connick, 461 U.S. at

147-48.  His speech was "animated . . . by 'dissatisfaction' with [his own] employment situation."  <u>Desrochers</u>, 572 F.3d at 715 (quoting <u>Connick</u>, 461 U.S. at 148).  Such "individual personnel disputes and grievances" are "generally not of public concern," and they were not of public concern in this case.  <u>Turner</u>, 788 F.3d at 1211-12.  Plaintiff has not stated, nor can he state, a First Amendment retaliation claim.  <u>See id.</u>  Accordingly, the Court dismisses Claim 4 and the remainder of Claim 7 with prejudice.[3]  <u>See</u> <u>Somers</u>, 729 F.3d at 960.

       D.      Fourteenth Amendment Claims

In Claim 6, Plaintiff alleges that SDUSD's decision to not renew his contract as a probationary teacher and his convictions for misdemeanor harassment deprived him of interests protected by the Fourteenth Amendment without due process.  (Doc. Nos. 45 ¶¶ 89-98; 53-1 at 15-17.)  "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections."  <u>Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.</u>, 149 F.3d 971, 982 (9th Cir. 1998).  "To have a property interest in a benefit, a person clearly . . . must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."  <u>Bd. of Regents of State Colleges v. Roth</u>, 408 U.S. 564, 577 (1972); <u>see also</u> <u>Sonoda v. Cabrera, 255 F.3d 1035, 1040 (9th Cir. 2001)</u>.  "Property interests, of course, are not created by the Constitution.  Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."  <u>Roth</u>, 408 U.S. at 577.

SDUSD declined to renew Plaintiff's contract pursuant to California Education Code

---

[3]  Defendants argue that Plaintiff's speech was " 'integral to criminal conduct' in intentionally harassing" a victim and was therefore "not protected under the First Amendment" because Plaintiff was convicted of criminal harassment on the basis of his speech.  (Doc. Nos. 45 ¶¶ 44, 103; 51-1 at 19-20.)  <u>Osinger</u>, 753 F.3d at 947 (quoting <u>Meredith</u>, 685 F.3d at 819-20); <u>see also</u> <u>People v. Astalis</u>, 226 Cal. App. 4th Supp. 1, 5 (Cal. App. Dep't Super. Ct. 2014).  That argument constitutes an independent, sufficient reason to dismiss Plaintiff's First Amendment claims.

§ 44929.21.  (Doc. No. 45 ¶ 91.)  Under that statute, "[p]robationary employees . . . may be nonreelected without any showing of cause, without any statement of reasons, and without any right of appeal or administrative redress."  Petersil v. Santa Monica-Malibu Unified Sch. Dist., 219 Cal. App. 4th 529, 534 (2013) (citations and quotation marks omitted).  This remains true even when the employee could have been terminated under a different provision that would have required additional procedural protections.  California Teachers Ass'n v. Mendocino Unified Sch. Dist., 92 Cal. App. 4th 522, 526-30 (2001).  Plaintiff's belief that SDUSD would renew his contract so that he could complete his credentialing program is insufficient to establish a property right because "something more is required: either an affirmative grant of tenure or a guarantee from the government that termination can occur only for cause."  Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs., 727 F.3d 917, 925 (9th Cir. 2013); see also Bernstein v. Lopez, 321 F.3d 903, 907 (9th Cir. 2003).  Thus, Plaintiff's due process claim regarding his employer's decision not to reelect him fails because Plaintiff had no property interest in his continued employment.

Accordingly, Claim 6 does not state, nor could it state, a claim for deprivation of rights secured by the Fourteenth Amendment arising out of Plaintiff's employer's decision not to renew his probationary teaching contract.  See Blantz, 727 F.3d at 925.  Additionally, to the extent that Claim 6 is based on Plaintiff's arrest and conviction or their consequences, the Court concludes the claim is barred by the Heck doctrine.  Heck, 512 U.S. at 486-87.  The Court therefore dismisses Claim 6 with prejudice.  See Somers, 729 F.3d at 960.

In a separate cause of action, Plaintiff requests that the Court invalidate California Education Code § 44929.21 because, he argues, it facilitates unconstitutional deprivations of rights by allowing a school district to end a probationary teacher's employment.  (Doc. No. 45 ¶¶ 164-166.)  But probationary teachers have no right to continued employment.  See Roth, 408 U.S. at 577; California Teachers Ass'n., 92 Cal. App. 4th at 526-30.  Accordingly, the Court dismisses Claim 14 with prejudice because Plaintiff has not stated, and cannot state, a claim challenging the constitutionality of § 44929.21.  See Somers, 729

F.3d at 960.

E.    Fraud Claim

Invoking 42 U.S.C. § 1983, Plaintiff's Claim 9 alleges fraud and conspiracy to defraud.  (Doc. No. 45 ¶¶ 123-133.)  " 'To state a claim under § 1983, a plaintiff [1] must allege the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law.' "  Naffe v. Frey, 789 F.3d 1030, 1035-36 (9th Cir. 2015) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).  Common law fraud is a state, not a federal, cause of action.   See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003).  Accordingly, § 1983 is not an appropriate vehicle for alleging fraud, and the Court dismisses Claim 9 with prejudice only insofar as it attempts to state a federal claim.

F.    State Law Claims

Plaintiff brings a host of state law claims, invoking the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  (Doc. No. 45 at 13.)  Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  " '[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.' "  Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).  "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."  Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009).

The Court has dismissed the federal causes of action giving rise to the Court's original jurisdiction.  Having considered the relevant factors and exercising its discretion, the Court declines to exercise supplemental jurisdiction over the remaining state law

claims.  Carlsbad Tech., 556 U.S. at 639; Sanford, 625 F.3d at 561.  Accordingly, the Court dismisses without prejudice Plaintiff's state law claims.

### G.   Judicial Notice

Defendants request that the Court take judicial notice of four exhibits relating to Plaintiff's complaints before the EEOC.  (Doc. No. 51-3.)  Plaintiff requested that the Court take judicial notice of some of these documents in his opposition to Defendants' motion to dismiss his first amended complaint.  (Doc. No. 34-5 at 53-61.)  Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  A court "may take judicial notice of records and reports of administrative bodies."  Anderson v. Holder, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) (citations and quotation marks omitted); see also Dornell v. City of San Mateo, 19 F. Supp. 3d 900, 904 (N.D. Cal. 2013) (taking judicial notice of EEOC complaints and right-to-sue letters when considering a motion to dismiss).  Accordingly, the Court grants Defendants' request for judicial notice of the exhibits because their "accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

### Conclusion

For the reasons stated above, the Court dismisses Plaintiff's federal claims with prejudice and dismisses Plaintiff's state claims without prejudice.  The Court directs the Clerk to close the case.

**IT IS SO ORDERED.**

DATED: April 19, 2016

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT